UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DWIGHT MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-04045-SLD-RLH |
| | ) |
| LABORERS UNION LOCAL 309, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Laborers Union Local 309's ("Local 309") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 6, and Motion for Leave to File Reply to Plaintiff's Memorandum of Resistance to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 10. For the reasons that follow, both motions are DENIED.

## BACKGROUND[1]

During the time period relevant to this suit, McCall, who is a sixty-four year old African American, was a member of Local 309. On February 15, 2023, Local 309 did not refer McCall to a laborer position in Muscatine, Iowa, for which he was qualified. Instead, Local 309 hired three Caucasian union members under sixty years old, all of whom were less qualified than McCall. On March 21, 2023, McCall filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Local 309 discriminated against him. On January 16, 2025, he sued Local 309 for race discrimination under 42 U.S.C. § 1981 and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

---

[1] When ruling on a motion to dismiss, a court must take all the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Accordingly, the facts in this section are taken from the Amended Complaint unless otherwise stated.

§§ 621–634. Compl., Not. Removal Ex. B, ECF No. 3-1 at 3–7. On February 21, 2025, Local 309 removed the case from state court to federal court on the basis of federal question jurisdiction. Not. Removal, ECF No. 3. McCall filed his Amended Complaint on February 27, 2025. Am. Compl., ECF No. 5.

Local 309 moves for dismissal of McCall's claims, asserting that McCall failed to (1) state a claim under § 1981, (2) timely file his ADEA claim, and (3) state a claim under the ADEA. Mem. Supp. Mot. Dismiss. 1–2, ECF No. 7. Local 309 also submitted a Motion for Leave to File Reply to Plaintiff's Resistance to Local 309's Motion to Dismiss. *See* Mot. Leave File Reply.

## DISCUSSION

### I.   Motion for Leave to File a Reply

Pursuant to Local Rule 7.1(b)(3), a party must seek leave of the Court to file a reply to the response to its motion. Civil LR 7.1(B)(3). Local 309 has moved for leave to file a reply to McCall's memorandum of resistance to Local 309's motion to dismiss. *See* Mot. Leave File Reply. McCall does not oppose the motion. Local 309 argues that it needs to file a reply to address new facts and caselaw discussed in McCall's resistance to the motion to dismiss. *Id.* ¶ 2. But Local 309 does not identify any new matters raised in McCall's response that justify allowing a reply. Most of the arguments Local 309 makes in the proposed reply are elaborations on those already made in support of its motion to dismiss or could have been anticipated based on the Amended Complaint's allegations. To the extent that McCall has misstated the law with respect to *Comcast Corp. v. National Association of African American-Owned Media*, 589 U.S. 327 (2020), the Court rejects his analysis below. For these reasons, Local 390's motion for leave to file a reply is denied.

II.     **Motion to Dismiss**

    a.   **Legal Standard**

A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The question is whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To satisfy this threshold, the allegations must "raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation marks omitted). A plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). In reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).

    b.   **Analysis**

        i. **Count I – Race Discrimination in Employment**

"[S]ection 1981 prohibits race discrimination in the making and enforcing of contracts." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011); *see* 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Courts "assume[ ] that union membership, in which a member pays dues in exchange for certain benefits, is a contract under § 1981." *Lugo v. Int'l Bhd. of Elec. Worker Loc. #134*, No. 15 CV 03769, 2017 WL 1151019, at *5 (N.D. Ill. Mar. 28, 2017) (citing cases); *see also James v. Ogilvie*, 310 F. Supp. 661, 663 (N.D. Ill. 1970) ("As membership in a labor union is a contractual relationship or at least a link in obtaining an

3

employment contract, the rights to union membership without regard to race or skin color also exists under 42 U.S.C. § 1981."). Employment discrimination claims are subject to a "minimal pleading standard." *Tamayo*, 526 F.3d at 1084. To survive a motion to dismiss, "[a] complaint alleging [race] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his race]." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013) (second and third alterations in original) (quotation marks omitted); *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (citing *Tamayo* favorably and holding that "[t]o survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to her protected characteristics").[2]

With these standards in mind, the Court turns to Local 309's first argument—McCall fails to adequately plead a § 1981 violation. *See* Mem. Supp. Mot. Dismiss 2–3. This is a nonstarter. McCall alleges that he is African American, that he was not placed in a laborer position, that Local 309 "[i]nstead . . . placed three Caucasian union members" that "had less seniority . . . and less qualifications" than him in the position, Am. Compl. 1–2, and that this constituted race discrimination, *id*. at 2. McCall's allegations are minimal but sufficient to state a § 1981 claim and provide Local 309 with adequate notice of his claim and its factual basis. *See Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) (holding that the plaintiff adequately alleged age discrimination claims because she "assert[ed] that her employer

---

[2] While *Lavalais* involved a Title VII claim, the legal analysis for Title VII and § 1981 discrimination claims is largely identical. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 788 (7th Cir. 2019). They have differing causation standards, *see Comcast Corp.*, 589 U.S. at 333, but that distinction seems irrelevant to how much detail a plaintiff needs to provide to state a plausible employment discrimination claim. *Cf. Feliciano v. True AV Sols., LLC*, No. 25-cv-0084-bhl , 2025 WL 1310919, at *2 (E.D. Wis. May 6, 2025) ("[N]othing in *Comcast* suggests that courts should impose a higher [pleading] burden on plaintiffs who allege Section 1981 claims."). Indeed, *Kaminski* involves race and age discrimination claims, *see Kaminski*, 23 F.4th at 777, and the ADEA requires but-for causation much like § 1981. *Igasaki v. Ill. Dep't of Fin. & Prof'l Regul.*, 988 F.3d 948, 960 (7th Cir. 2021).

fired her 'because of [her] age," and that she was excluded from meetings, had assignments and duties taken away from her, and suspended while "comparable, younger workers" were "spared [from] these adversities" (second alteration in original)); *Tamayo*, 526 F.3d at 1085 (finding that the plaintiff adequately pleaded her sex discrimination claims where she alleged that she was subjected to specific adverse employment actions "on account of her gender" (quotation marks omitted)).

Section 1981 race discrimination cases are subject to a but-for causation requirement; in other words, the "plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp.*, 589 U.S. at 341. Local 309 claims that, because McCall alleges that he was discriminated against because of both his race and age, he cannot succeed under the but-for test.[3] Mem. Supp. Mot. Dismiss 3 (stating that "Plaintiff asserting that there were multiple bases for Defendant not referring Plaintiff means that Mr. McCall alleges that race was a motivating factor, not a but-for factor" (emphasis omitted)). This argument fails. "A single event can have multiple but-for causes . . . ." *Malin v. Hospira, Inc.*, 762 F.3d 552, 562 n.3 (7th Cir. 2014). Thus, alleging that McCall's unfavorable treatment was due to both his race and his age does not foreclose McCall from succeeding on either claim under a but-for framework. *See Peaster v. McDonald's Corp.*, No. 22 CV 7037, 2023 WL 5387573, at *4 (N.D. Ill. Aug. 22, 2023) ("By its terms, *Comcast* does not rule out [pleading multiple theories of discrimination]; the Supreme Court simply held that a but-for causation standard . . . applies to § 1981 claims. This causation standard is not necessarily inconsistent

---

[3] Local 309 cites *Comcast Corp.*, 589 U.S. at 333–41, for the proposition that McCall must establish but-for causation. *See* Mem. Supp. Mot. Dismiss 3. In his response, McCall challenges the accuracy of Local 309's interpretation of *Comcast Corp.*, asserting that "[i]n reviewing the cited authority at pages 333 and 336–337 neither citations stand for the proposition that the defendant [sic] cites." Mem. Supp. Resistance Mot. Dismiss. 4, ECF No. 8-1. McCall is incorrect. Local 309 properly relays *Comcast Corp.*'s explicit finding that a § 1981 claim is subject to a but-for causation test rather than Title VII's motivating factor test.

with pleading that an aderse employment action had two but-for causes . . . ." (citation omitted)). And even if McCall's claims of race and age discrimination were inconsistent with one another, a plaintiff can plead inconsistent theories in a complaint. *See* Fed. R. Civ. P. 8(d); *see Douglas v. Alfasigma USA, Inc.*, No. 19-cv-2272, 2021 WL 2473790, at *14 (N.D. Ill. June 17, 2021) (rejecting the defendant's argument that because the plaintiffs alleged that it took adverse employment actions because of their race and because of their sex, the plaintiffs "failed to plead that race was the 'but for' cause of those actions" because "[a]t the pleading stage, a plaintiff does not have to pick a horse"); *Zekucia v. Ounce of Prevention Fund*, No. 19 C 8081, 2020 WL 12602230, at *3 n.2 (N.D. Ill. Nov. 6, 2020) (rejecting the defendant's arguments that the plaintiff could not bring both ADEA and ADA claims because the claims were not inconsistent as "an adverse employment action can have multiple but-for causes" and "even if the claims were inconsistent, a party can bring alternate, inconsistent theories of recovery in one complaint"). For these reasons, Local 309's motion to dismiss Count I is denied.

### ii. Count II – Age Discrimination in Employment

Count II of McCall's complaint alleges Local 309 did not refer him to the Muscatine position because of his age in violation of the ADEA. Am. Compl. 3. Local 309 makes two challenges to McCall's ADEA claim: (1) the claim should be dismissed for untimeliness and (2) if the claim was timely filed, it fails as a matter of law. Mem. Supp. Mot. Dismiss 4–6. The Court considers each challenge in turn.

#### 1. Timeliness or Exhaustion

While Local 309 states that Count II should be dismissed "due to untimeliness," *id.* at 4, it actually is making a failure to exhaust argument because it is arguing that McCall fails to

allege that he received a notice of right to sue letter, *id.* at 4–5.[4] Failure to exhaust administrative remedies is an affirmative defense. *Salas v. Wis. Dep't of Corrs.*, 493 F.3d 913, 921 (7th Cir. 2007). A plaintiff need not anticipate affirmative defenses, but when his complaint "set[s] forth everything necessary to satisfy the affirmative defense," it may be dismissed. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

"In Illinois, an individual complaining of discriminatory conduct under the . . . ADEA . . . must file a complaint with the EEOC within 300 days of the alleged unlawful conduct."[5] *Edwards v. Ill. Dep't of Fin. & Pro. Regul.*, 210 F. Supp. 3d 931, 942 (N.D. Ill. 2016). Once sixty days pass from timely filing a charge of age discrimination with the EEOC, an individual can bring an action in federal court. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019).

Local 309 argues that because McCall did not plead that he received a right to sue letter he failed to plead that he exhausted his administrative remedies. Mem. Supp. Mot. Dismiss 4–5. But, again, because failure to exhaust administrative remedies is an affirmative defense, McCall did not need to plead facts to show that he exhausted his remedies. *Cf. Mosely v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, (7th Cir. 2006) (noting that a plaintiff has "no obligation to allege facts negating an affirmative defense in her complaint"). In any case, "receipt of the [right-to-sue] letter is not a prerequisite to filing an ADEA lawsuit." *Bridgeford v. Salvation Army*, No. 3:17-CV-03180, 2018 WL 357801, at *3 (C.D. Ill. Jan. 10, 2018) (citing 29 U.S.C. § 626(d)); *see*

---

[4] It does not actually argue that McCall's complaint was untimely filed, presumably because it acknowledges that dismissal for untimeliness needs to be based on the allegations in the complaint and that McCall's complaint does not allege if or when he received a right to sue letter. *See* Mem. Supp. Mot. Dismiss 4.
[5] State law determines the amount of time a plaintiff has to file a charge of discrimination with the EEOC. *See Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019).

*Trujillo*, 926 F.3d at 400 n.2 ("[U]nlike Title VII, the ADEA does not require a plaintiff to obtain a right-to-sue letter from the EEOC to pursue his claims in court."). As such, this argument fails.

Because the complaint does not include all the facts necessary to establish an affirmative defense, dismissal of Count II on this basis is inappropriate.

### 2. Merits

The ADEA makes it unlawful for a union to "fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's age." 29 U.S.C. § 623(c)(2). The ADEA, like § 1981, uses a but-for causation test. *Igasaki v. Ill. Dep't of Fin. & Prof'l Regul.*, 988 F.3d 948, 960 (7th Cir. 2021); *see also Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176–77 (2009). Local 309 makes the same argument on causation that as it did for the § 1981 claim—that McCall bringing both race and age discrimination claims means he is not alleging that either was the but-for cause of his non-referral for the laborer position. Mem. Supp. Mot. Dismiss 5. For the reasons already identified, the Court rejects this argument.

Local 309's other argument is that McCall does not allege "relevant information to support his ADEA claim" like "statements or actions Local 309 made or did to suggest a causal connection" between his age and non-referral for the position and "the qualifications required for the particular referral at issue, the qualifications he possessed at the time the referral occurred, the qualifications he possessed at the time the referral occurred, and the qualifications of the chosen laborers." *Id.* at 5–6. In response, McCall argues that he has adequately pleaded a *prima facie* case under the *McDonnell Douglas* burden-shifting test. Mem. Supp. Resistance Mot. Dismiss 2–3, ECF No. 8-1. But neither argument succeeds because McCall is not required to plead a *prima facie* case at this stage.

8

*McDonnell Douglas* framework does not apply at the motion to dismiss stage. *See, e.g., Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) ("[U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case [using] the *McDonnell Douglas* framework." (quotation marks omitted)). And McCall need not allege such specific facts as Local 309 suggests. Instead, in order to survive a motion to dismiss, a plaintiff must merely "advance plausible allegations that [he] experienced discrimination because of [his] protected characteristics." *Kaminski*, 23 F.4th at 776 (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)). The facts alleged only need to "allow for a *plausible* inference that the adverse action suffered was connected to [the plaintiff's] protected characteristics." *Id.* at 777 (emphasis in original). McCall need not have even identified a similarly situated comparator at this stage, let alone allege the specific facts about the younger, Caucasian union members Local 309 identifies. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("The plaintiff is not required to include allegations—such as the existence of a similarly situated comparator—that would establish a prima facie case of discrimination . . . ." (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002))); *cf. Vega v. Chi. Park Dist.*, 958 F. Supp. 2d 943, 953 (N.D. Ill. 2013) ("[T]he 'similarly situated' argument is an evidentiary standard applicable at the summary judgment stage; it is not a requirement in reviewing the sufficiency of a complaint.").

McCall does not need to allege all elements of his claim with a high level of specificity—he just needs to include enough facts that his claim is plausible. *Kaminski*, 23 F.4th at 777. McCall meets this low bar by alleging that he was sixty-four years old, qualified for the position, and not referred, while those who were referred were younger and less qualified. *See generally*

Am. Compl. Although McCall's factual allegations are certainly minimal, he provided enough to make his claim of age discrimination plausible under the standards outlined by the Seventh Circuit. For these reasons, Local 309's 12(b)(6) motion to dismiss McCall's claim of employment discrimination under the ADEA is denied.

## CONCLUSION

Accordingly, Defendant Laborers Union Local 309's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 6, and Motion for Leave to File Reply to Plaintiff's Memorandum of Resistance to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 10, are DENIED. Laborers Union Local 309 must answer the Amended Complaint, ECF No. 5, within fourteen days. Fed. R. Civ. P. 12(a)(4)(A).

Entered this 12th day of November, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE